# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3784 | **DATE** | 6/28/2012 |
| **CASE TITLE** | Mario Jernagin ®-27777) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the instant action is hereby ordered dismissed and Plaintiff's motion for leave to proceed in forma pauperis [3] is denied. All pending dates and motions, if any, are hereby stricken as moot. Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

This matter is before the court on Plaintiff Mario Jernagin's (Jernagin) motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. . . ." *Id.* Since Jernagin is proceeding *pro se*, the court will liberally construe his complaint and make reasonable inferences in his favor. Jernagin indicates in his complaint that he is suing the Sheriff of Cook County and Keefe Commissary Network Company (Defendants) for violating his constitutional rights. However, Jernagin fails to allege facts that would plausibly suggest any violation of his constitutional rights by Defendants.

Jernagin alleges that he is incarcerated and that he broke his tooth while eating an item that he purchased from the prison commissary. Jernagin also alleges that the item he consumed had no expiration date or "sell by" date marked on it, and that many of the items sold by the commissary do not have such markings. In addition, Jernagin alleges that he had to wait 90 days to see a dentist about his tooth, and that during the period he was waiting to see a dentist, he experienced pain due to his broken tooth. Even when liberally construing Jernagin's *pro se* complaint, Jernagin has not alleged sufficient facts to plausibly suggest

a valid claim to relief.  *See, e.g., Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  To the extent that Jernagin seeks to premise his constitutional claim on the absence of dates on items sold by the commissary, such facts do not give rise to a constitutional claim.  In addition, to the extent that Jernagin seeks to bring a medical indifference claim, Jernagin has not alleged facts indicating the named Defendants were personally involved in the constitutional deprivation or that there is a policy or practice of deliberate medical indifference.  The court also notes that Keefe Commissary Network Company does not appear to be a state actor.  Based on the above, Jernagin has failed to allege facts that plausibly suggest a valid claim for relief.  Therefore, the instant action is dismissed and the instant motion is denied as moot.